**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2921 |
| Plaintiff - Appellee, | D.C. No. 6:19-cr-00563-MC-1 |
| v. | |
| BRYCE WILLIAM McGOWAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted April 22, 2024[**]

Before:     CALLAHAN, LEE, and FORREST, Circuit Judges.

Bryce William McGowan appeals from the district court's judgment and challenges the 9-month sentence imposed upon the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

McGowan contends that the district court failed to consider his need for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substance abuse treatment and did not justify its decision to impose imprisonment instead of residential treatment. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record makes clear that the court considered McGowan's background and rehabilitative needs, and determined that a carceral term was warranted in light of McGowan's poor history on supervision. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The court selected the sentence to sanction McGowan's breach of the court's trust and not, as McGowan contends, to punish him. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

McGowan also contends that his sentence is substantively unreasonable because it fails to give sufficient weight to his recent rehabilitative efforts and need for continued treatment, improperly punishes him for his behavior during the revocation proceedings, and because his violations were technical. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record belies McGowan's assertion that his behavior before the court influenced the sentence. The 9-month sentence, imposed after the district court had twice continued proceedings to allow McGowan time to come into compliance, is substantively reasonable under the totality of the circumstances. *See* 18 U.S.C. § 3583(e); *Gall*, 552 U.S. at 51.

**AFFIRMED.**